UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CHANTHA LEUTHAVONE,<br>    Petitioner,<br><br>    v.<br><br>WAYNE T. SALISBURY,[1]<br>    Respondent. | C.A. No. 97-cv-556-JJM |

## ORDER

Chantha Leuthavone was convicted of four felonies, including murder, in Rhode Island Superior Court in 1992. Mr. Leuthavone has maintained his innocence. During his imprisonment, he was a model prisoner such that the state granted him parole in 2007. He was then taken into custody by Immigration and Customs Enforcement (ICE) until ICE released him in 2008. For the ensuing seventeen years, Mr. Leuthavone has complied with all his conditions of parole, been a productive resident, and dedicated to his family. During much of this time, Mr. Leuthavone has been awaiting a decision on his post-conviction application in state court. Now that that decision has been rendered, he can finally prosecute his federal habeas claim pending before this Court.

In the meantime, Mr. Leuthavone asks the Court to temporarily stay his removal from the country until the Court resolves his habeas petition under 28 U.S.C. § 2254. ECF No. 48. The Respondent objects, arguing that this Court lacks

---

[1] Under Fed. R. Civ. P. 25, Rhode Island Department of Corrections Director Wayne T. Salisbury is substituted for former Director A.T. Wall.

jurisdiction to stay Mr. Leuthavone's removal while his habeas petition is pending. ECF No. 49. It alleges that the Real ID Act's jurisdiction-stripping provisions (8 U.S.C. § 1252) bar this Court from granting a stay under these circumstances.

The Court disagrees. While section 1252 channels judicial review of removal orders to the courts of appeals, Mr. Leuthavone is not asking this Court to review or invalidate his removal order currently. Instead, he seeks a temporary stay to allow his collateral attack on a state conviction (via § 2254) to be heard. So, the relief requested is "independent of, or wholly collateral to, the removal process" and thus falls outside the scope of § 1252's jurisdiction-stripping provisions. Accordingly, Mr. Leuthavone's habeas petition and the requested stay do not amount to a prohibited "review" of a removal order, but a proper exercise of this Court's habeas jurisdiction over a state prisoner.

Moreover, federal courts have authority to issue stays of removal in aid of their jurisdiction over pending habeas petitions, especially where, as here, no other court can meaningfully review his constitutional claims. A stay of removal is necessary to preserve this Court's jurisdiction under the Suspension Clause and to ensure that Mr. Leuthavone's pursuit of habeas relief is not rendered moot by his premature deportation. And the All Writs Act, 28 U.S.C. § 1651(a), empowers this Court to issue all orders necessary to protect its jurisdiction, including the stay requested here. Indeed, courts have recognized that, where no other forum can vindicate an alien's rights, a district court may act under the Suspension Clause of the United States

Constitution and the All Writs Act to prevent irreparable harm to its habeas jurisdiction.

The Suspension Clause mandates that Mr. Leuthavone have access to court to adjudicate the legality of his detention through the great writ. Article I, § 9 of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended" except in extraordinary circumstances not present here. This fundamental guarantee "ensures that, except during periods of formal suspension, the Judiciary will have a time-tested device, the writ, to maintain the 'delicate balance of governance' that is itself the surest safeguard of liberty." *Boumediene v. Bush*, 553 U.S. 723, 745 (2008) (quoting *Hamdi v. Rumsfeld,* 542 U.S. 507, 536 (2004)). If this Court were to accept the Respondent's view that 8 U.S.C. § 1252 forbids any stay of removal in a § 2254 case, Mr. Leuthavone's ability to obtain habeas review of his state conviction would be irretrievably lost. He would be removed from the United States (and have his state parole violated), potentially mooting his petition by terminating his custody status and making it impossible for him to meaningfully participate in the case. The Suspension Clause does not permit such a result absent an adequate alternative remedy. Here, no alternative forum could adjudicate Mr. Leuthavone's challenge to his state conviction if this Court is disabled from doing so.

Outside the immigration context, this Court also has inherent authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue orders necessary "in aid of [its] jurisdiction." Where a court has fundamental jurisdiction over a case or controversy,

it may issue such writs or injunctions as needed to prevent its jurisdiction from being frustrated. This principle has long been recognized as a valid exercise of judicial power to protect the integrity of ongoing proceedings. The All Writs Act is routinely invoked by courts to maintain the status quo pending the resolution of cases, especially in habeas corpus matters. The All Writs Act cannot enlarge a court's subject-matter jurisdiction, but it allows a court to safeguard the jurisdiction it properly has.

Here, there is no dispute that this Court has jurisdiction over the § 2254 petition because Mr. Leuthavone is in custody pursuant to a state court judgment. He has waited 28 years since filing for federal habeas relief to get his federal hearing on his constitutional claims. His petition raises colorable constitutional issues regarding his state conviction as shown by the state court and parole board's actions, and this Court's willingness to allow an amendment rather than dismissing the case. Denying a stay of removal now would impose a harm that cannot be undone later. If Mr. Leuthavone is deported to his native country, he may be barred from returning for many years (if ever), even if he later prevails in vacating his conviction. His ties to his family and community in the United States would be severed, and his parole status in Rhode Island would be terminated adversely, subjecting him to potential other penalties. These are quintessential irreparable injuries.

Mr. Leuthavone is not in federal immigration custody; he remains on Rhode Island state parole. His habeas petition challenges a Rhode Island state conviction

that forms the basis for federal removal proceedings.[2]  The stay is warranted to maintain the status quo and preserve the Court's ability to adjudicate the habeas petition.

THEREFORE, the Court GRANTS the Motion to Stay Removal (ECF No. 48) and imposes a STAY OF REMOVAL for Chantha Leuthavone, until further order of this Court after resolution of his federal constitutional habeas petition is resolved.

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
Chief Judge
United States District Court

April 17, 2025

---

[2] At this preliminary stage—where the petition's merits have yet to be fully briefed—Mr. Leuthavone is not now required to prove his ultimate entitlement to habeas relief to secure a stay, he is merely seeking his day in federal court. *See Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (in stay of removal context, the likelihood of success factor is applied on a sliding scale and serious legal questions can suffice if other factors like irreparable harm are present).